UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Indenture for American Home Mortgage Investment Trust 2007-1,<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. 2:14-CV-01131-APG-VCF<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>(Dkt. #9) |

Defendant SFR Investments moves for summary judgment against plaintiff Deutsche Bank, claiming this foreclosure case requires the straightforward application of *SFR Investments Pool I, LLC v. U.S. Bank*.[1] There, the Supreme Court of Nevada held that home owner associations ("HOAs") hold a super-priority lien that can extinguish a first deed of trust when foreclosed upon. But Deutsche Bank contends that this case is in its infancy, and discovery may reveal that the HOA lien at issue is not entitled to super-priority status. I agree and therefore deny the motion under Federal Rule of Civil Procedure 56(d) so the parties may proceed to discovery.

I.  **BACKGROUND**

The property at issue in this case, located at 224 West La Madre Way in North Las Vegas, Nevada, was encumbered by a deed of trust. The property also is subject to CC&Rs recorded by the HOA Pearl Cove III.[2] In February 2011, the HOA recorded a notice of delinquent assessments.[3] After four months, it issued a notice of default and election to sell.[4] About two years later, the first deed of trust was transferred to Deutsche Bank.[5] Soon after that, the HOA

---

[1] 334 P.3d 408 (Nev. 2014).

[2] (Dkt. #9-1 at 14.)

[3] (Dkt. #9 at 2.)

[4] (*Id.*)

[5] (*Id.*)

sold the property to SFR at a foreclosure sale for $17,100.[6] Deutsche Bank recorded its transfer approximately two weeks later on April 15, 2013. The parties dispute who holds superior title to the property: SFR or Deutsche Bank.

## II.   LEGAL STANDARD: SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[7] For summary judgment purposes, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[8]

If the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[9] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[10] It "must produce specific evidence, through affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in its favor.[11]

## III.   ANALYSIS

SFR argues that the HOA foreclosure sale vested title in SFR "without equity or right of redemption," and thereby extinguished Deutsche Bank's deed of trust.[12] It bases this argument on

---

[6] (*Id.*)

[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[8] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[10] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

[11] *Bhan v. NME Hosps.*, Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[12] (Dkt. #9 at 5) (*quoting SFR Investments Pool I, LLC*, 2014 WL 4656471 at *3.

the recent decision by the Supreme Court of Nevada in *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, in which the Court confirmed that, under appropriate circumstances, N.R.S. §116.3116(2) gives HOAs a true super-priority lien that extinguishes a first deed of trust when foreclosed.[13]

But at this early stage in the litigation—no scheduling order has been entered and neither party has conducted any discovery—there remain genuine issues of material fact as to whether those necessary circumstances existed. For example, Deutsche Bank disputes that the HOA complied with all the provisions of NRS chapter 116 and other statutes governing the foreclosure of an HOA lien.[14] It also disputes that the HOA lien contained the kind of assessments that entitle the HOA to a super-priority lien.[15] Accordingly, it requests that I deny SFR's motion under Federal Rule of Civil Procedure 56(d) and allow the parties to proceed to discovery to address these disputed issues.

Under that Rule, if a nonmovant shows that it cannot present facts essential to justify its opposition, I may (1) deny the motion or defer considering it; (2) allow the nonmovant time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order.[16] Deutsche Bank, as the party seeking discovery, "bears the burden of showing what specific facts it hopes to discover."[17] It must "make clear what information is sought and how it would preclude summary judgment."[18]

Deutsche Bank has met its burden under Rule 56(d). It highlights the need to discover, among other things, "whether the lien that formed the basis of the HOA foreclosure actually contained the narrow category [of charges] which could lead to the extinguishment of Plaintiff's

---

[13] *SFR Investments Pool I, LLC*, 2014 WL 4656471 at *3-10.
[14] (Dkt. #10 at 2.)
[15] (*Id.* at 4.)
[16] *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).
[17] *Harris v. Duty Shoppers Ltd. Partnership*, 940 F.2d 1272, 1276 (9th Cir. 1991).
[18] *Margolis*, 140 F.3d at 853.

first-position deed of trust."[19] At this point, the only evidence related to the contents of the HOA's lien is the lien itself, which merely states that the total amount due is $819.75 and that "[t]his amount includes late fees, collection fees, and interest in the amount of $640.18."[20] Little about the nature of the HOA lien or its contents is yet known. Because this case may ultimately turn on whether the HOA lien contained super-priority assessments, SFR's motion is denied and the parties are permitted to proceed to discovery.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that defendant's motion for summary judgment **(Dkt. #9) is DENIED.**

DATED this 28th day of August, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[19] (Dkt. #10 at 4.)
[20] (Dkt. #9-1 at 14.)