**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SFR INVESTMENTS POOL 1, LLC, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:14-cv-001131-APG-VCF<br><br>**ORDER FINDING ORDER TO SHOW CAUSE SATISFIED** |

This action was filed in this court on the basis of diversity jurisdiction. ECF No. 1 at 2. Based on plaintiff Deutsche's failure to address the citizenship of defendant SFR's members in the complaint, I entered an order to show cause why this action should not be dismissed. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens").

The parties' responses adequately establish the court had diversity jurisdiction at the time the original complaint was filed because Deutsche and SFR are diverse. ECF Nos. 56, 58. The parties' responses also establish the court had diversity and federal question jurisdiction when the amended complaint was filed because Deutsche is diverse from SFR and Pearl Cove III Homeowners Association and a federal claim is stated on the face of the complaint. ECF No. 18 (seeking a declaration that Nevada Revised Statutes Chapter 116 violates the Fifth Amendment to the United States Constitution). Because the court had federal question jurisdiction before SFR filed its counterclaim bringing in as plaintiffs Martha Massango and Apande Nelson Ejelle, I need not consider whether these two parties' addition to the case would destroy diversity jurisdiction. *See* 28 U.S.C. § 1367(b).

/ / / /

/ / / /

IT IS THEREFORE ORDERED that the order to show cause (ECF No. 54) is deemed satisfied and this action will not be dismissed for lack of subject matter jurisdiction.

DATED THIS 19th day of May, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE