**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY<br><br>      Plaintiff,<br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC; *et.al.*,<br><br>      Defendants. | Case No. 2:14–cv–1131–APG–VCF<br><br>**ORDER**<br><br>MOTION FOR PROTECTIVE ORDER (ECF NO. 59);<br>MOTION TO COMPEL (ECF NO. 61) |

  This matter involves Deutsche Bank's civil action against SFR Investments and other Defendants. Before the court are the SFR's motion for protective order (ECF No. 59), the Bank's response (ECF No. 60), and SFR's reply (ECF No. 65). Also before the court is the Bank's motion to compel (ECF No. 61). For the reasons stated below, SFR's motion is granted and the Bank's motion is denied.

**I. Background**

  In July 2014, Deutsche Bank sued SFR Investments. (ECF No. 1) In its an amended complaint, the Bank asserted one claim for voidable transfer, one claim for declaratory relief, one claim for quiet title, and one claim that Nevada Revised Statute § 116.3116 is unconstitutional. (*Id.*)

  As part of discovery, the Bank noticed the deposition of SFR's Rule 30(b)(6) witness. (ECF No. 59-1) SFR moved for protective order as to six of the Bank's deposition topics, but nonetheless participated in its deposition. (ECF No. 60) It appears from the parties' papers that SFR did not provide substantive responses to the contested topics. SFR now maintains that it should still be protected from inquiries into these topics. (ECF No. 59) In response, the Bank has moved for a motion to compel SFR to return to be deposed on the contested topics. (ECF No. 60)

## II. Legal Standard

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1)  When determining whether discovery is proportional, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

## III. Discussion

SFR seeks protection from six deposition topics:

2. Any other property and/or other affiliate or parent company of SFR owns as the result of an HOA foreclosure sale from January 1, 2011 to present.

3. The Litigation History of SFR from January1, 2011 to March 29, 2013.

4. SFR's interactions with Nevada Association Services, including any employee, officer, director, or other affiliated party of Nevada Association Services.

5. The operations and/or management, generally, of SFR.

6. Any discussion, non-privileged, regarding the anticipated effect of NRS 116.3116 et seq.

7. SFR's business plan and/or investment strategy from January 1, 2011 to March 29, 2013.

(ECF No. 59)

SFR's motion for a protective order is granted as to all six topics.  Information about SFR's other foreclosures, litigation history, interactions with other entities, internal organization, and business plan are not relevant to any claim or defense.  Additionally, the term "anticipated effect" in topic 6 is vague

and ambiguous.  It is unclear whether the Bank wished to know about SFR's interpretation of the statute in general or if it wanted to know about the statute effect on the parcel at issue in this action.

The Bank argues that topic 3 is relevant under the theory that SFR's involvement in similar litigations defeat its bona fide purchaser defense in this action.  This argument is unpersuasive.  The Bank could have easily proposed a narrower question that specifically inquired about SFR's pre-purchase knowledge about the property at issue.  Instead it sought irrelevant discovery about SFR's entire litigation history.

The Bank also argues that topics 2, 4, 5, 6, and 7 are relevant because the information would be admissible as habit evidence under Federal Rule of Evidence 406.  The Bank speculates that SFR engaged in a variety of "habit" behavior that renders SFR a bad faith purchaser.  (ECF No. 60)  The Bank's argument is circular as the scope of discovery is broader than the standard for admissibility.  FED. R. CIV. P. 26(b)(1).  Even if responsive information will be admissible as habit evidence, the Bank was still required to show that these topics were relevant to a claim or defense.  Here, the Bank has not made this showing.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that SFR's motion for a protective order (ECF No. 59) is GRANTED.  SFR's Rule 30(b)(6) witness will not be required answer any questions about topics 2, 3, 4, 5, 6, and 7.

IT IS FURTHER ORDERED that Deutsche Bank's motion to compel (ECF No. 61) is DENIED.

IT IS SO ORDERED.

DATED this 6th day of June, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE