UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | Case No. 2:14-cv-001131-APG-VCF |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| v. | (ECF No. 26) |
| SFR INVESTMENTS POOL 1, LLC, *et al.*, | |
| Defendants. | |

    This is a dispute over property located at 224 West La Madre Way in Las Vegas. Plaintiff Deutsche Bank National Trust Company held a senior deed of trust encumbering the property and intends to foreclose because the former owner has stopped making mortgage payments. However, defendant Pearl Cove III Homeowners Association previously foreclosed on a homeowners association ("HOA") lien after the property owners did not pay their HOA assessments. Defendant SFR Investments Pool 1, LLC purchased the property at the HOA foreclosure sale. Deutsche seeks to quiet title to the property, contending that the HOA foreclosure sale did not extinguish its deed of trust.

    In its amended complaint against Pearl Cove and SFR, Deutsche asserts the HOA sale to SFR is a voidable transfer under Nevada Revised Statutes ("NRS") § 112.190. ECF No. 18. Deutsche also seeks declaratory relief that the HOA sale was defective and not commercially reasonable, and it seeks to quiet title. Finally, Deutsche contends NRS Chapter 116 violates the Fifth Amendment to the United States Constitution because it allows the HOA to take Deutsche's security interest in the property without just compensation. SFR filed counterclaims to quiet title and for slander of title. ECF No. 20.

    Deutsche now moves to dismiss SFR's counterclaims or alternatively for partial summary judgment. First, Deutsche argues that there is no reasonable dispute over the property's value at

the time SFR purchased the property because SFR stated in a declaration of value at the time of the HOA sale that the property was worth $92,720.00. Deutsche thus argues that the element of inadequate consideration for its state law theories, such as commercial reasonableness or fraudulent transfer, has been met because SFR paid only $17,100.00 for the property. Deutsche also argues Chapter 116 violates the Due Process and Takings Clauses of the Constitution.

SFR responds that it never signed the declaration of value and the property is worth what it paid at the publicly-held auction. SFR also argues there was no taking or state action to support a Takings claim, and there was no due process violation.

I deny the motion to dismiss. SFR did not prepare the declaration of value stating that the property was worth $92,720.00 and it has presented evidence and argument that the property's value was substantially less than that. Even if there is a Takings Clause violation, an issue which I do not decide at this time, Deutsche has not explained why the proper remedy is to void the sale to SFR as opposed to Deutsche receiving just compensation from the State. Finally, there is no due process violation.

**I. BACKGROUND**

The property was owned by Apande Nelson Ejelle and Martha Massango, who purchased the property for $277,000.00 in 2004. ECF No. 26-1 at 2-4. The property was encumbered by a deed of trust that eventually was transferred to Deutsche. *Id.* at 6-63.

In 2011, Pearl Cove recorded a notice of delinquent assessment lien because the owners failed to pay their HOA assessments. *Id.* at 67. Pearl Cove then recorded a notice of default and election to sell and a notice of foreclosure sale. *Id.* at 69-73. The property was sold at public auction in March 2013 to SFR for $17,100.00. *Id.* at 75.

Attached to the recorded foreclosure deed is a "declaration of value." *Id.* at 77. That declaration sets the value of the property at $92,720.00 at the time of the foreclosure sale. *Id.* The form is signed by "Misty Blanchard" as "agent." *Id.* The foreclosure deed identifies Blanchard as an agent for Nevada Association Services, Inc., the HOA's agent for conducting the foreclosure. *Id.* at 75. There is no other signature on the declaration of value. *Id.* at 77. Christopher Hardin,

SFR's manager, attests that SFR "did not fill-out, complete, draft, write, sign, or in any way prepare the Declaration of Value form." ECF No. 32-1 at 2.

## II. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

////

////

### A. Value of the Property

Deutsche's motion rests on the proposition that SFR has admitted, through the declaration of value, that the property's value was $92,720.00 on the date of the HOA foreclosure sale. However, Deutsche has not shown, either on a dismissal or summary judgment standard, that SFR agreed that the property's value was $92,720.00. The declaration of value was signed by the HOA's agent. There is no other signature on the declaration. SFR's manager has denied SFR participated in preparing or signing the declaration. Additionally, SFR argues that the property's value was either the price fetched at public auction, which the evidence shows was $17,100.00, or a value less than what otherwise might be considered fair market or assessed value because the market was plagued by uncertainty about the effect of an HOA foreclosure sale prior to *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 409 (Nev. 2014) (en banc). *See Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 80 F. Supp. 3d 1131, 1136 (D. Nev. 2015). Thus, although Deutsche contends that $17,100.00 is an inadequate price as a matter of law based on its argument that the proper valuation of the property is $92,720.00, the property's value as of the date of the sale is in dispute, both legally and factually. I therefore deny Deutsche's motion to dismiss SFR's counterclaims, or alternatively for partial summary judgment on the property's value as of the date of the HOA foreclosure sale.

### B. Takings

Deutsche argues that NRS Chapter 116 and the Supreme Court of Nevada's interpretation of that statutory scheme in *SFR* constitute a taking for a public purpose without just compensation. SFR responds that there is no state action, Deutsche had opportunities to protect its interest, and even if there was a taking Deutsche has not explained why the proper remedy is voiding the sale rather than awarding just compensation from the State.

"The Fifth Amendment, made applicable to the States through the Fourteenth Amendment, prohibits the taking of 'private property . . . for public use, without just compensation.'" *Washington Legal Found. v. Legal Found. of Washington*, 271 F.3d 835, 851 (9th Cir. 2001) (en banc) (quoting U.S. Const. amend. V). Consequently, to prevail on its

argument that the decision in *SFR* constituted a taking in violation of the Fifth and Fourteenth Amendments, Deutsche must show "that the interest at issue was [its] private property and that it was taken without just compensation." *Id.*

Generally, a plaintiff may not establish a taking before the state has had the opportunity to decide the reach of a challenged statute or regulation. *MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1130 (9th Cir. 2013). Accordingly, for a takings claim to be ripe, the plaintiff usually must (1) obtain a final decision from the state and (2) seek compensation through available state procedures. *Id.* (citing *Williamson Cnty. Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985)). However, the first ripeness requirement does not apply to facial challenges. *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 655 (9th Cir. 2003). Additionally, there are exceptions to the second ripeness requirement, such as unavailable or inadequate state procedures or "where resorting to state remedies would be futile." *Washington Legal Found.*, 271 F.3d at 851. As the party asserting a Takings Clause violation without first exhausting state remedies, Deutsche bears the burden of establishing that state remedies are unavailable or inadequate, or that resort to state remedies would be futile. *Carson Harbor Vill., Ltd. v. City of Carson*, 353 F.3d 824, 827-28 (9th Cir. 2004).

Deutsche has not shown its takings argument is ripe because it has not shown that it sought just compensation from the State and was denied. It also has not shown that state procedures are inadequate or unavailable, or that resort to state procedures would be futile. Deutsche bears the burden of making these showings and it has not done so. Thus, I deny Deutsche's motion based on a takings theory under the Fifth Amendment.

Even if I "exercised [my] discretion not to impose the prudential requirement of exhaustion," I would deny Deutsche's motion based on a taking. *Guggenheim v. City of Goleta*, 638 F.3d 1111, 1118 (9th Cir. 2010) (en banc). The remedy Deutsche seeks is to void the sale to SFR. But a takings claim requires just compensation from the government, not from a private third party. *See, e.g., Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 322 (2002) ("When the government physically takes possession of an interest in property for

5

some public purpose, it has a categorical duty to compensate the former owner [.]"); *First English Evangelical Lutheran Church of Glendale v. Los Angeles Cnty., Cal.*, 482 U.S. 304, 319 (1987) ("Where this burden results from governmental action that amounted to a taking, the Just Compensation Clause of the Fifth Amendment requires that the government pay the landowner for the value of the use of the land during this period."); *id.* at 318-19 ("It is axiomatic that the Fifth Amendment's just compensation provision is designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.") (quotation omitted). Deutsche has not explained why, even if NRS Chapter 116 and the Supreme Court of Nevada's *SFR* decision constitute a taking (an argument on which I take no position at this time), that would result in voiding the sale to SFR as opposed to requiring just compensation from the State. Consequently, I deny Deutsche's motion based on a taking.

### C. Due Process/Punitive Damage Award

Deutsche argues that its due process rights were violated because it was arbitrarily and unreasonably punished by having its security interest extinguished by the foreclosure of the HOA lien, which was a fraction of the value of Deutsche's security interest. Deutsche relies on *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) for this proposition. SFR responds that *BMW* does not apply because Deutsche lost its property interest due to its failure to protect that interest, not because the State or the HOA imposed a punitive damages award on Deutsche.

*BMW* is inapplicable to this case. In *BMW*, the Supreme Court held that the due process clause "prohibits a State from imposing a grossly excessive punishment on a tortfeasor." 517 U.S. at 562 (quotation omitted). *BMW* involves the amount of punitive damages that may be awarded against a tortfeasor in furtherance of a State's "legitimate interests in punishing unlawful conduct and deterring its repetition." *Id.* at 568.

Deutsche is not a tortfeasor and no jury has awarded punitive damages against it, much less grossly excessive punitive damages. As I have explained elsewhere, NRS Chapter 116 does not violate due process because it gives the deed of trust holder adequate notice and opportunities

to be heard to prevent the loss of a security interest. *See Nationstar Mortgage LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *6-9 (D. Nev. Mar. 31, 2016); *Las Vegas Dev. Grp., LLC v. Yfantis*, --- F. Supp. 3d. ----, No. 2:15-cv-1127-APG-CWH, 2016 WL 1248693, at *3-6 (D. Nev. Mar. 24, 2016). Similar to the extinguishment of any other interest through foreclosure, if it is found in this case that Deutsche's security interest was extinguished by the HOA sale, it will not be because the State or the HOA imposed a grossly excessive punishment on Deutsche. It will be because Deutsche failed to protect its interest despite notice and opportunities to do so. I therefore deny Deutsche's motion based on the due process clause and *BMW*.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Deutsche Bank National Trust Company's motion to dismiss or for partial summary judgment **(ECF No. 26) is DENIED**.

DATED THIS 25th day of July, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE